```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF MINNESOTA
                       08-CV-4816(JMR/SRN)
```

Vickey Jeanetta and John     )
Jeanetta                     )
                             )
          v.                 )         ORDER
                             )
United States Department     )
of Education/Direct Loans    )

This matter is before the Court on defendant's motion for summary judgment. A hearing was held on November 20, 2009. Defendant's motion is granted.

I. Background[1]

Direct PLUS loans are offered by defendant to parents of dependent students, or graduate or professional students, for college tuition expenses. 34 C.F.R. § 685.100(a)(3). Defendant contends plaintiff, Vickey Jeanetta, had six loans totaling $14,020 for her daughter's tuition at Globe College. (Francisco Decl. ¶¶ 33-39.) Defendant claims it paid Globe directly. Globe's records confirm receipt of the payments. (Francisco Decl. ¶ 39.)

Between October 21, 1998, and August 2, 1999, Vickey Jeanetta made four loan payments totaling $8,312.51. (Francisco Decl. ¶ 42.) Thereafter, no further payments were made, and the loans defaulted on January 1, 2001. (Francisco Decl. ¶ 32.) Defendant has attempted to collect the unpaid balance using the Offset

---

[1] The facts are either undisputed or considered most favorably to plaintiffs, the non-moving party.

Program of the Treasury Department. This has yielded $5,606.46 garnished from the Jeanettas' 2003, 2004, and 2005 tax refunds. Defendant avers it followed all proper procedures imposing the garnishments. (Francisco Decl. ¶¶ 13-30, 46.)

The parties initially believed these tax offsets fully satisfied the unpaid loans. (Francisco Aff. ¶ 32.) At the hearing, Vickey Jeanetta offered an account printout stating her "acct is pif"[2] as of August 10, 2005.

In November, 2005, however, the government discovered it never billed Vickey Jeanetta for a $2,712 loan. (Francisco Aff. ¶ 32.) Upon making this discovery, it recalled Vickey Jeanetta's account from default, added the missed loan to the account, and reapplied the previously received payments to the total balance. It calculated that five of the six loans had outstanding balances, and the loan totaling $230 was paid in full.

To avoid penalizing Vickey Jeanetta for its error, defendant waived interest on the forgotten loan through November 16, 2005. Vickey Jeanetta made no payments on the loan and, in 2007, was again in default. (Francisco Aff. ¶ 32.) As of September 5, 2009, defendant's calculations showed Vickey Jeanetta owed $3,421.60 ($2,813.94 in principal and capitalized interest, and $607.66 in interest).

---

[2] Defendant does not dispute that "pif" means "paid in full."

Plaintiffs originally filed suit in Ramsey County Conciliation Court claiming defendant owed them $7,500, plus filing fees and costs, because their tax refunds were garnished "for a loan that was already paid." (Compl. at 1.) Defendant timely removed the case to federal court and counterclaimed for the remaining loan balances. On September 11, 2009, defendant filed its motion for summary judgment.

At the November 20, 2009, hearing, Vickey Jeanetta produced a computer printout dated October 18, 2008, which she claimed accurately reflected her outstanding loan balance. According to the printout, she has paid $11,077.90[3] in principal, and $2,562.79 in interest, and owes the government $2,813.94 in outstanding principal and capitalized interest.

II. Discussion

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). An opposing party is obligated to respond to a summary judgment motion. Fed. R. Civ. P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R.

---

[3] This amount does not include the $230.00 loan that the government considered paid in full.

Civ. P. 56(e)(2). Although plaintiffs did appear at the November 20, 2009, hearing, they did not reply to defendant's motion as contemplated by Rule 56(e)(2). The Court has, however, considered their arguments.

The Court finds no genuine issues of material fact remain. Both parties agree borrowers are obligated to repay the full amount of their loans, plus fees and collection costs, unless relieved of this obligation by the Secretary of the Department of Education, or are granted deferment, forbearance, or the government discharges the loan. 34 C.F.R. § 685.207. If a borrower defaults, the outstanding balance may be collected in a civil action, through an offset of the borrower's tax refunds, or a garnishment of the borrower's wages. 34 C.F.R. § 685.211(d)(3).

At the November 20, 2009, hearing, the parties agreed as to the amount of money owed. Both presented evidence showing Vickey Jeanetta still owes $2,813.94 in outstanding principal and capitalized interest. According to the October, 2008, printout, she had previously paid $11,077.90 in principal. Defendant acknowledges discharging the $230 loan in full. In sum, Vickey Jeanetta is credited with $11,307.90 toward her principal balance. She admits borrowing $14,020 in total, and accruing $101.84 in capitalized interest, leaving a balance of $2,813.94.

The government calculates, as of September 5, 2009, Vickey Jeanetta owed $607.66 in unpaid accrued interest. Plaintiffs do not dispute this. Finally, plaintiffs offered no evidence in support of their complaint's assertion that the government improperly garnished their tax refunds.

Accordingly, IT IS ORDERED that:

1. Defendant's motion for summary judgment is granted against plaintiffs in the amount of $3,421.60, plus additional interest and fees calculated through the date of payment.

2. Plaintiffs' claim for judgment against the United States Department of Education/Direct Loans is denied with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 10, 2010

S/JAMES M. ROSENBAUM  
JAMES M. ROSENBAUM  
United States District Judge